UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE LEE<br><br>    Plaintiff<br>versus<br><br>LONG BEACH MORTGAGE COMPANY,<br>DEUTCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR LONG BEACH<br>MORTGAGE LOAN TRUST 2005-WL1,<br>and ABC INSURANCE COMPANY<br><br>    Defendants | CIVIL ACTION<br>NO.  08-1369<br><br>SECTION  SECT. F<br>MAGISTRATE  MAG 4 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT – JURY TRIAL REQUESTED

NOW INTO COURT through undersigned counsel comes plaintiff, Jessie Lee, who asserts the following.

1.

This is an action for damages and declaratory relief relative to defendant's actions as described below, which violate the Truth in Lending Act, 15 U.S.C. §§ 1601-1666 ("TILA") and Regulation Z. TILA and its implementing regulations were enacted by Congress to encourage the informed use of credit by consumers and to enhance economic stabilization and strengthen competition among various financial institutions that extend credit to consumers.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1635, and 15 U.S.C. § 1640. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367. Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a

1

substantial part of the events relevant to the claims made herein occurred.

## Parties

3.

Plaintiff, Jessie Lee, is a resident of New Orleans, Louisiana.

4.

Defendant, Long Beach Mortgage Company ("Long Beach"), is a foreign corporation doing business in this district.

5.

Long Beach is a "creditor" as defined at 15 U.S.C. § 1602(f).

6.

Defendant, Deutche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 ("Deutche Bank"), is a foreign entity doing business in this district.

7.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of defendants, which policy covers the claims made herein. ABC Insurance Company is liable in solido with defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

## Facts

8.

On March 24, 2005, plaintiff Jessie Lee signed a promissory note and mortgage in favor of defendant Long Beach, to refinance a previous promissory note on his primary residence at 904 N. Rendon Street in New Orleans, Louisiana.

9.

Prior to the closing on March 24, 2005, plaintiff was not given an ARM brochure or other documents informing him of the terms of the adjustable rate loan he was presented with, or explaining how an ARM loan works.

10.

After the closing, the closing agent did not give plaintiff a copy of any of the loan papers he had signed. Nor did the closing agent give plaintiff a written notice informing him of his right to cancel the loan within three days.

11.

Before March 24, 2008, plaintiff mailed to the defendants a notice of his decision to exercise his right of rescission under TILA and to cancel the loan.

12.

The rescission exercised by plaintiff is allowed under the extended 3-year right of rescission of 15 U.S.C. § 1635(f).

13.

The defendants have violated the Truth in Lending Act in respects including, but not limited to, underdisclosure of the finance charge and otherwise failing to provide plaintiff with the disclosures as required by law prior to consummation of the loan.

14.

After the loan was executed, it was securitized.

15.

After the loan was executed, rights in the loan were eventually transferred to a Mortgage Loan Trust 2005-WL1.

16.

In a Petition for Executory Process filed in the Civil District Court for the Parish of Orleans on November 9, 2006, docket number 06-12843 (the "Petition"), defendant Deutche Bank claimed to be a "holder and owner" of plaintiff's loan note as trustee for Mortgage Loan Trust 2005-WL1.

17.

As admitted in the Petition, however, Deutche Bank has no competent evidence of an assignment of plaintiff's loan note to Deutche Bank.

18.

Deutche Bank is a "debt collector" as defined under 15 U.S.C. § 1692a.

19.

As a result of defendants' actions and failures to act, plaintiff has suffered damages including but not limited to financial loss.

20.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in his favor and against the defendants and their insurers jointly, severally, and in solido, for all relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY #21246
321 N. Vermont Street, Suite 204
Covington, LA 70433
PH: 985-892-7222  FAX: 985-892-7075

4

**PLEASE SERVE:**

Please certify two copies of the complaint for service pursuant to the Louisiana Longarm Statute on:

**LONG BEACH MORTGAGE COMPANY**

**DEUTCHE BANK NATIONAL TRUST COMPANY**